United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 02-50437
Conference Calendar

————————————————

LEE ROGER SIMPSON, JR.,

                                Plaintiff-Appellant,

versus

THOMAS B. SEHON; KATHRYN J. "JODY" GILLIAM;
LESLIE B. VANCE,

                                Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CV-185
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Lee Roger Simpson, Texas prisoner # 642385, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint as
frivolous pursuant to 28 U.S.C. § 1915A.  Simpson's motion to
expedite the appeal is DENIED.  The district court determined
that Simpson's action was barred by Texas's two-year statute of
limitations, and that this would constitute Simpson's third
strike under 28 U.S.C. § 1915(g).

———————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Simpson argues generally that the district court abused procedures to defeat his damage claims against the defendants, but he does not mention or make any specific arguments concerning the basis of the district court's dismissal that his claims were barred by the statute of limitations. Simpson does not address the merits of the district court's opinion. Failure to identify any error in the district court's analysis or application to the facts of the case is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Simpson's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

This court dismissed Simpson's appeal as frivolous in Simpson v. Pamplin, No. 96-50794 (5th Cir. Apr. 9, 1998). The district court dismissed Simpson's 42 U.S.C. § 1983 complaint as frivolous in Simpson v. Amos, No. 98-CV-338 (E.D. Tex. Nov. 24, 1998). His appeal in that case, No. 98-41521, was dismissed for failure to pay the docketing fee and to comply with the district court's order requiring authorization consent forms. Thus, the district court's dismissal as frivolous in that case stands as a strike. The district court's dismissal as frivolous in this case, and this court's dismissal of this appeal as frivolous constitute his third and fourth strikes. Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Therefore, Simpson is now

barred from proceeding IFP under 28 U.S.C. § 1915(g) while incarcerated.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED; MOTION TO EXPEDITE APPEAL DENIED.